IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND <br><br> Plaintiff <br><br> v. <br><br> MARSHALL PAINTING, INC. <br>    a/k/a Marshall Painting Inc. <br><br> Defendants | CIVIL ACTION NO. <br> 1:07-cv-00925 (RWR) |

## STIPULATION FOR ENTRY OF CONSENT ORDER AND JUDGMENT

It is stipulated and agreed by the undersigned that the attached proposed Consent Order and Judgment may be entered without further notice or hearing.

| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND <br><br> JENNINGS SIGMOND, P.C. <br><br> By:   /s/ Sanford G. Rosenthal <br>       Sanford G. Rosenthal <br>       Bar No. 478737 <br>       The Penn Mutual Towers, 16th Floor <br>       510 Walnut Street <br>       Independence Square <br>       Philadelphia, PA 19106-3683 <br>       Telephone: (215) 351-0611 <br>       Facsimile: (215)922-3524 <br>       Attorney for Plaintiff <br><br> Date: July 10, 2007 | MARSHALL PAINTING, INC. <br>    a/k/a Marshall Painting Inc. <br><br> By: _____ <br>     Glen Marshall, on behalf of <br>     Marshall Painting, Inc. <br>     a/k/a Marshall Painting Inc. <br>     403 33rd Street S.W. <br>     Rochester, MN 55903 <br>     Telephone: (507) 282-7480 <br>     Facsimile: (507) 282-7651 <br><br> Date: 7-20-07 |

185228-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>Plaintiff<br>v.<br><br>MARSHALL PAINTING, INC.<br>a/k/a Marshall Painting Inc.<br><br>Defendants | CIVIL ACTION NO.<br>1:07-cv-00925 (RWR) |

### CONSENT ORDER AND JUDGMENT

Upon consideration of the Joint Stipulation for Entry of Consent Order and Judgment, it is ORDERED.

1. Judgment is entered in favor of the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and against Marshall Painting, Inc. a/k/a Marshall Painting Inc. ("Company" or "Defendant"), for unpaid contributions, late charges, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. §§1132(g)(2), 1145 and 26 U.S.C. §6621 in the amount of $61,278.86 ("Judgment Amount") which includes:

| | | |
|---|---|---|
| (a) | Contributions | $ 44,911.30 |
| (b) | Late Charges | $     437.54 |
| (c) | Liquidated Damages | $ 12,680.20 |
| (d) | Interest (through 7/15/07) | $     521.57 |
| (e) | Attorneys' Fees and Costs | $  2,728.25 |

Interest shall accrue on the Judgment Amount at the rate of 8% per annum compounded daily from July 15, 2007 to the date of payment.

2.  Defendant shall pay to the Pension Fund the principal sum of $51,278.86 ("Settlement Sum") plus interest amortized at 8% per annum compounded daily on the unpaid balance of the principal sum by submitting twelve (12) successive monthly payments of $4,447.73 commencing August 1, 2007 with the final payment of $4,447.73 due on July 1, 2008. All payments shall be amortized in accordance with the schedule attached to this Consent Order and Judgment ("Order") as Exhibit 1. The Settlement Sum consists of:

| | | |
|---|---|---|
| (a) | Contributions | $ 44,911.30 |
| (b) | Late Charges | $ 437.54 |
| (c) | Liquidated Damages | $ 2,680.20 |
| (d) | Interest (through 7/15/07) | $ 521.57 |
| (e) | Attorneys' Fees and Costs | $ 2,728.25 |

3.  Defendant, its owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from failing or refusing to file complete, proper and timely remittance reports with all required contributions due and owing to the Pension Fund for all periods for which Defendant is obligated to do so in accordance with the current and any future collective bargaining agreements to which Defendant is a party to with any local union(s) affiliated with the International Painters and Allied Trades Industry.

4.  In the event Defendant fully and timely complies with the provisions of ¶2 of this Order, the Pension Fund shall accept the payments provided for in ¶2 in full settlement of the judgment entered by ¶1 above, waiving a total of $10,000.00 ("Waiver Amount") in liquidated damages. Absent compliance, Defendant shall owe the Pension Fund the Waiver Amount plus

interest calculated at the rate of 8% compounded daily from July 15, 2007 to the date of actual payment.

5. The Pension Fund is entitled to reimbursement from Defendant of all attorneys' fees and costs it incurs to enforce this Consent Order and Judgment and may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs. See, 29 U.S.C. §1132(g)(2) and Free v. Briody, 793 F2d. 807 (7th Cir. 1986).

6. The Clerk of the Court may immediately certify this Consent Order and Judgment for transfer upon the request of Plaintiff and payment of any required fee.

BY THE COURT

Dated:_____

_____
RICHARD W. ROBERTS,        J.
United States District Judge

Copies shall be sent to:

Jerome A. Flanagan, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Marshall Painting, Inc.
a/k/a Marshall Painting Inc.
403 33rd Street S.W.
Rochester, MN 55903

## PERSONAL GUARANTEE

I, Glen Marshall, have read and understand the terms, provisions and conditions of the Settlement Agreement between the IUPAT Industry Pension Fund ("Pension Fund") and Marshall Painting, Inc. a/k/a Marshall Painting Inc. ("Company") which is incorporated herein as if fully restated. In consideration of the consent by the Pension Fund to the settlement agreement, I personally guarantee the payments that Company has agreed to make, and agree as follows:

1. Upon the occurrence at any time of any event of default set forth in the settlement agreement to which this Personal Guarantee is attached or other breach of such settlement agreement by Company, that has not been timely cured in accordance with the terms of the settlement agreement, I will pay the then full outstanding principal balance of the Total Debt due and owing to the Pension Fund together with interest accrued to the date of payment and all such other contributions, liquidated damages, interest, late charges and attorneys' fees and costs due and owing to the Pension Fund within ten (10) days after receipt of a written demand for payment by the Pension Fund. Delivery by first-class mail to the following address shall be conclusive proof, though not the only means of proving receipt of a written demand:

Address to which notice should be sent:

Marshall Painting, Inc. a/k/a Marshall Painting Inc.
Attention: Glen Marshall
403 33rd Street S.W.
Rochester, MN 55903

2. The Pension Fund may demand payment from me at any time after the occurrence of an event of default described in the settlement agreement that has not been timely cured in accordance with the terms of the settlement agreement, and I waive any defense of untimeliness or dilatoriness against a demand for payment.

Name (signature): _____

Relation to the Company: President

Home Address: 403 33rd St. SW
Rochester, MN 55902

Social Security #: 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

Sworn and subscribed to before me this 20 day of July, 2007.

_____
Notary Public
My commission expires: 1-31-2011





EXHIBIT 1